**James MATHIEU, Plaintiff,**

v.

**John CHUN and John Doe, Defendants.**

**Civ. A. No. 92–76688.**

United States District Court,
E.D. Michigan, S.D.

Aug. 27, 1993.

James Mathieu in pro. per.

Christine M. Campbell, Asst. Atty. Gen., Lansing, MI, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Defendant John Chun filed for summary judgment or dismissal of a civil rights action brought by plaintiff James Mathieu. On June 29, 1993, Magistrate Judge Virginia Morgan issued a report on the matter recommending that the court deny defendant's motion. Defendant filed objections to the report and recommendation July 12, 1993.

The court, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and LR 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has reviewed the magistrate judge's June 29, 1993 report and recommendation as well as defendant's July 12, 1993 objections filed thereto. After conducting a *de novo* review, the court, for the reasons discussed below, does not accept the magistrate judge's report and recommendation and grants defendant's motion for summary judgment.

## I. BACKGROUND FACTS

Plaintiff is a prisoner currently confined in the State Prison of Southern Michigan. On November 30, 1992, he filed an action under 42 U.S.C. § 1983 for claimed violations of his Eighth Amendment rights based on medical care that was deliberately indifferent to his serious medical condition.

Plaintiff has suffered from epileptic seizures for twenty years and also has a heart condition. Before entering prison, plaintiff took the medication Depakote to control his seizures. On July 16, 1992, defendant physician John Doe changed plaintiff's anti-seizure medication from Depakote to Tegretol. Plaintiff's claim centers around his treatment with Tegretol.

Before incarceration, plaintiff claims that he was required to be tested for drug levels once a month. In the five months before he filed his complaint, plaintiff claims that he was only tested on October 20, 1992, the day he fainted in the prison dining hall. After plaintiff fainted, he was taken to an emergency room where his blood was tested. Plaintiff claims emergency room staff told him that his Tegretol level was "dangerously high." Plaintiff was still given Tegretol after this incident and he now claims that he experiences various side effects from the drug, including dizziness, drowsiness, and fatigue.

Defendant Dr. John Chun was alleged to have participated in the plaintiff's course of treatment for epilepsy. Dr. Chun saw the plaintiff on three occasions during the period in question. Plaintiff saw Dr. Chun about a shoulder injury, complained about his dietary needs, and sought treatment for the flu.

Plaintiff alleges that his course of medical care constitutes an unnecessary infliction of pain in violation of the Eighth Amendment. He is seeking monetary damages and an injunction ordering his doctors not to prescribe Tegretol.

On June 29, 1993, Magistrate Judge Morgan issued a report recommending that this court deny defendant's motion for dismissal or summary judgment. On July 12, 1993, defendant filed objections, claiming that the report erred in recommending denial of summary judgment. Defendant did not specifi-

cally object to the magistrate's recommendation of denial of dismissal for lack of personal involvement. Because of this, this court will only address the issue of whether defendant should be granted summary judgment.

## II. STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genu-

ine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed

As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. ANALYSIS

■ In order to prevail in a § 1983 claim of denial of proper medical care to a prisoner, plaintiff must establish that Dr. Chun was deliberately indifferent to his serious medical condition. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Proof of medical malpractice is not enough to show a constitutional violation. *Id.* at 106, 97 S.Ct. at 292.

■ The plaintiff's own evidence demonstrates that he did not receive deliberately indifferent medical treatment. Instead of a

failure to test over the period in question, the records show that plaintiff was repeatedly tested for the level of Tegretol in his blood. Physicians tested him for Tegretol on July 19, September 22, October 20, October 21, and October 26. This indicates that instead of being deliberately indifferent, plaintiff's physicians were paying special attention to his treatment with anti-seizure medication.

The claim that the level of Tegretol in his blood was "dangerously high" on October 20, 1992, is simply incorrect. The hospital records submitted by plaintiff show that the level of Tegretol was 11.3 UG/ML. This level was within the prescribed, therapeutic level for the drug of 8–12 UG/ML when not used in combination with other anti-seizure medication. Plaintiff's hospital records also show that he was not taking another anti-seizure drug on October 20, 1992, contrary to the finding in the report of the magistrate judge.

In sum, plaintiff underwent numerous tests to monitor the Tegretol in his system. On no occasion was the level of the medication at toxic levels. Indeed, on several occasions the level of Tegretol was below therapeutic levels, apparently because the plaintiff was avoiding his medication. Plaintiff has made no showing, and there is no genuine issue of material fact, that the medical care he received was deliberately indifferent to his serious medical condition. The magistrate judge indicated that the "evidence is not strong" for the plaintiff. After an examination of the record and after reviewing defendant's objections, however, the record shows that plaintiff's evidence is not even sufficient to withstand defendant's motion for summary judgment.

It is apparent that plaintiff disagrees with the medical treatment that he has been receiving while in prison. Such a disagreement does not amount to a constitutional violation cognizable under § 1983. As the Sixth Circuit has stated, "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857,

n. 5 (6th Cir.1976). Plaintiff did not receive deliberately indifferent medical care. In fact, the record indicates the opposite to be true. Furthermore, plaintiff presented no evidence indicating that Dr. Chun played any role in this doctor/patient dispute over the use of tegretol. For these reasons, defendant deserves summary judgment.

### ORDER

Therefore, the court **REJECTS** the magistrate judge's report and recommendation. It is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED.**

**SO ORDERED.**